UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEHMAN BROTHERS HOLDINGS, INC.,

        Plaintiff,

v.                               Case No. 8:09-cv-411-T-33MAP

SOUTH TRUST FUNDING, INC.,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to the Motion for Default Judgment (the "Motion" Doc. # 16), filed by Plaintiff on July 2, 2009. In the Motion, Plaintiff requests $496,121.72 in damages from Defendant. Defendant has not filed a response to the Motion and has not entered an appearance in this case. For the reasons that follow, the Court will grant the Motion.

**I.**    **Procedural History**

Plaintiff filed its amended complaint against Defendant on April 6, 2009. (Doc. # 7). On May 12, 2009, Plaintiff filed an affidavit of service showing that Defendant, through its registered agent (Randy L. Lape), was served with the summons and the amended complaint on April 23, 2009. (Doc. # 11). Defendant failed to plead or otherwise defend, and Plaintiff filed a motion for entry of Clerk's default on June

1

9, 2009. (Doc. # 13). The Clerk entered a default on June 9, 2009. (Doc. # 14). Plaintiff now moves for entry of a default judgment against Defendant in the amount of $496,121.72, and Defendant has not responded.

## II. Default Judgment

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has

2

the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. Id.

The amended complaint alleges that Plaintiff was assigned rights to contracts as between Lehman Brothers Bank and Defendant South Trust Funding, Inc. (Doc. # 7 at ¶¶ 1-2). Plaintiff alleges that Defendant breached the contracts, and Plaintiff asserts claims against Defendant for breach of contract, specific performance, and breach of express warranty. (Id.)

Plaintiff's amended complaint contains sufficient factual allegations to establish Defendant's liability for the counts as set forth in the amended complaint. The Court finds that Defendant was obligated to repurchase the loans named in Plaintiff's amended complaint at the contractually-defined repurchase price, and Defendant did not do so. (Doc. # 7 at ¶ 19).

The repurchase price of each loan is calculated according to a formula set forth in the Seller's Guide that governs the parties' respective rights and responsibilities. (Doc. # 1 at ¶ 14; Trumpp Decl. Doc. # 17-3 at 9). The repurchase price formula sets Plaintiff's damages as the amount Lehman Brothers Bank paid for the loan, plus accrued interest due and expenses

3

incurred in servicing the loan, foreclosing upon it, or protecting Plaintiff's interest in collateral, less amounts Plaintiff received from payments on the loans or proceeds of their disposition or sale. (Doc. # 17-3 at 9). If the seller is not repurchasing the loan, but instead indemnifying Plaintiff for its losses, the contractual formula is used while deducting the value of the loan (if any) or the proceeds of any sale of the loan. (Trumpp Decl. Doc. # 17 at ¶ 3). This calculation is made with reference to the data from the business records of Plaintiff, Lehman Brothers Bank and their agent, Aurora Loan Services. (Trumpp Decl. Doc. # 17 at ¶¶ 4-12; Doc. ## 17-4-17-8).

The contractual formula for determining the repurchase price is the appropriate measure of Plaintiff's damages, and Exhibit G to Trumpp's Declaration contains the calculations. (Trumpp Decl. Doc. # 17-8). Applying the contractual formula to Plaintiff's data, Plaintiff's damages through the date of Defendant's defaults are $418,066.94. (Trumpp Decl. Doc. # 17 at ¶ 12).

Plaintiff is also entitled to prejudgment interest as an element of Plaintiff's damages. The Loan Purchase Agreement at the heart of this suit is governed by New York law. (Trumpp

Decl. Doc. # 17-2 ¶ 713.1).[1] New York law provides for mandatory prejudgment interest on contract claims at a rate of 9% per annum. See New York Civil Practice Law and Rules §§ 5001, 5002, & 5004. Applying this prejudgment interest rate from the date of Defendant's breaches and adding it to the damages as of the date of the breaches, Plaintiff's total damages inclusive of prejudgment interest are $496,121.72. (Trumpp Decl. Doc. # 17 at ¶ 13).

The amount of Plaintiff's damages is a sum certain that is calculable according to a set formula. Accordingly, a hearing on Plaintiff's damages is not required. See SEC v. Smyth, 420 F. 3d 1225, 1231 (11th Cir. 2005)("An evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone.")

Last, Plaintiff waives it rights to costs, but requests that this Court award post-judgment interest to accrue pursuant to 28 U.S.C. § 1961, which provides, "Interest shall be allowed on any money judgment in a civil case recovered in

---

[1] In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Applicators, Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). The Eleventh Circuit has held, "State law determines whether a successful litigant is entitled to prejudgment interest." Seb S.A. v. Sunbeam Corp., 148 F. App'x 774, 793 (11th Cir. 2005).

a district court." This Court grants the Motion, including Plaintiff's request for prejudgment and post-judgment interest.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's Motion for Default Judgment (Doc. # 16) is hereby **GRANTED**.

2. Plaintiff shall have a money judgment against Defendant for $496,121.72.

3. The Clerk shall enter judgment accordingly and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of July 2009.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record